For the reasons stated in the attached memorandum of even date, it is hereby

**ORDERED** that the plaintiff's motion to remand is **GRANTED.**

**GOVERNMENT OF THE VIRGIN ISLANDS, Appellant,**

v.

**Chotsani STEGALL–FREDERICK, Appellee.**

No. 2004–171.

District Court, Virgin Islands, Appellate Division, D. St. Thomas.

Oct. 8, 2004.

in class action suits, punitive damages may not be aggregated but are considered on a pro-rata basis. *See Lennon v. Donnelly,* 2000 U.S. Lexis 15405, at *3 (E.D.Pa.2000) (*citing Pierson v. Source Perrier,* S.A., 848 F.Supp. 1186, 1188 (E.D.Pa.1994)).

Elliott M. Davis, Esq., Assistant Attorney General, V.I. Department of Justice, St. Thomas, VI, for Appellant.

Debra S. Watlington, Esq., Territorial Public Defender, St. Thomas, VI, for Appellee.

## ORDER

MOORE, District Judge.

The government has filed a motion informing that it timely filed its notice of appeal or, in the alternative, requesting an extension of time to file its appeal. The appellee has opposed the government's motion, arguing that the government filed its notice of appeal one day late and should not be granted an extension of time.

The procedural history regarding this issue is as follows: On July 26, 2004, the trial judge signed an order denying the government's motion to reconsider her dismissal order. The clerk's office of the Territorial Court entered the trial judge's order the following day, July 27, 2004. The government filed its notice of appeal on August 26, 2004, thirty days after the order was entered and thirty-one days after it was signed.

The Virgin Islands Code states that "[t]he time within which an appeal must be taken, the manner of taking an appeal and the procedure on appeal shall be prescribed by rules adopted by the district court." V.I. CODE ANN. tit. 4, § 33.[1] Pursuant to that statutory authority, this Court established Rule 5(b)(1) of the Virgin Islands Rules of Appellate Procedure, which provides in relevant part: "When an appeal by the Government is authorized by statute, the notice of appeal shall be filed in the Territorial Court within thirty days after (i) the entry of the judgment or order appealed from or (ii) the filing of a notice of appeal by any defendant." Because the government filed its notice of appeal within thirty days after entry of the order denying reconsideration, its notice of appeal was timely filed and its motion for an extension of time is unnecessary.[2] Accordingly, it is hereby

**ORDERED** that the government's notice of appeal was timely filed.

---

**1.** The Virgin Islands Code also provides this Court with jurisdiction to review Territorial Court orders terminating a prosecution in a defendant's favor, except where there is an acquittal on the merits. *See* 4 V.I.C. § 39(c); Revised Organic Act of 1954, § 23A, 48 U.S.C. § 1614, *reprinted in* V.I. CODE ANN., Historical Documents, Organic Acts, and U.S. Constitution at 159–60 (1995) (preceding V.I. CODE ANN. tit. 1).

**2.** Neither party addresses whether the government is authorized by statute to file this appeal. This substantive issue is not proper for the Court's consideration at the present juncture, and this order is limited solely to the procedural issues presented by the government's motion.